C. W. SHEPARD, Respondent, v. KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 25, 1896.

1. **Railroads:** KILLING OF STOCK: SUFFICIENCY OF EVIDENCE. The evidence in this cause is considered, and is held sufficient to support the verdict therein holding the defendant railway company liable for the killing of stock.

2. ———: PLEADING AND PROOF. The statement of the cause of action herein alleged that the stock was killed by a collision with the defendant's train. *Held,* that evidence was admissible to show, and that a recovery could be had upon the ground, that the stock was so injured by the collision as to necessitate the killing of it.

*Appeal from the Howell Circuit Court.*—Hon. W. N. Evans, Judge.

Affirmed.

*Olden & Orr* for appellant.

No brief filed for respondent.

Bond, J.—This suit is for damages for the killing of plaintiff's mare by a collision with a locomotive drawing a train of defendant's cars. The accident was alleged to have occurred on the fifth of May, 1893, by reason of failure of defendant to fence its track as required by law. It is further alleged that the location of the accident was in the township adjoining the one wherein the suit was brought. The value of the mare was claimed to have been $150. Plaintiff had judgment before the justice, and on appeal in the circuit court recovered judgment for $145 which was doubled by the court. Defendant appeals, and assigns for error, first, the insufficiency of the evidence to sustain the verdict.

It appears from the evidence that the visible injury sustained by the mare was the cutting off of one of her legs, so that it hung merely by the skin. She was found in this condition lying just off of defendant's right of way. The blood was seen along the ties and rails of the track. The position of the mare indicated that she had been "knocked down to the bottom of the dump." She was afterward seen dead about one hundred and forty yards from the railway. There were signs that she had been dragged to this point after the injury. This evidence fully warranted the inference, that the mare was struck by the locomotive and so injured as to necessitate her death. The evidence was undisputed that the injury happened at a point on defendant's railway where it was not excused by law from fencing, and where there was no fence.

The evidence as to the market value of the mare, adduced by plaintiff, tended to show that she was worth from $150 to $160. While the form of some of the questions put to plaintiff's witnesses as to the value of the mare, and also the answers made by such witnesses, were open to objections, the record shows that no proper objections or exceptions were saved to this testimony, nor does the motion for new trial complain either of the admission of illegal evidence or of excess in the verdict.

From the foregoing evidence it is clear that there is no merit in the assignment, that the judgment recovered by plaintiff was unsupported by the evidence.

Defendant next complains of an instruction given by the court for the plaintiff, because it told the jury that, if the "train struck and killed plaintiff's mare, or crippled her so that she had to be killed," plaintiff was entitled to recover, if the jury found in his favor upon other issues submitted in the instruction. This complaint is not well taken. It is true the statement filed before the justice only alleges that the mare was killed by a collision with defendant's train, but this general statement was broad enough to admit evidence that she was so injured by the collision as to necessitate her being killed. Whether she was killed instantly by being struck by defendant's locomotive, or was so injured by such collision that it became necessary to kill her, was immaterial. In either event the collision was the efficient cause of her death, and, having taken place as shown in this record, defendant was liable.

Finding no reversible error on the trial, the judgment is affirmed.